[Cite as *State v. Hemela*, 2015-Ohio-4749.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DARREN HEMELA | : | Case No. 2015CA00067 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Alliance Municipal
                                  Court, Case No. 2014 TRC 3519


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 November 16, 2015


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MATTHEW S. KUHN                           STACEY M. ZIPAY
Alliance City Prosecutor                  Stark County Public Defenders Office
470 East Market Street                    201 Cleveland Ave. SW, Suite 104
Alliance, Ohio 44601                      Canton, Ohio 44702

*Baldwin, J.*

{¶1} Appellant Darren Hemela appeals a judgment of the Alliance Municipal Court convicting him of operating a vehicle while intoxicated in violation of R.C. 4511.19(A)(1)(d) upon a plea of no contest.  Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶2} On August 22, 2014, an OVI checkpoint was conducted on East Main Street in Alliance by the Alliance Police Department and the Stark County Sheriff's Office.  At approximately 7:15 p.m., Officer Paul Vesco of the Alliance Police Department saw appellant ride a green mountain bicycle down the middle lane of the street.

{¶3} Appellant entered the checkpoint on his bicycle.  Once inside the restricted area of the checkpoint, appellant passed three or four cones and then traveled over the curb and onto the sidewalk.  Appellant rode away from the checkpoint.

{¶4} Officer Vesco cut off appellant and stopped him.  As the officer explained the purpose of the checkpoint to appellant, he noted an odor of alcohol on appellant's breath, and appellant's eyes appeared red, bloodshot and watery.

{¶5} Appellant was cited for OVI in violation of R.C. 4511.19(A)(1)(a), R.C. 4511.19(A)(1)(d), and R.C. 4511.19(A)(1)(e).  Appellant filed a motion to suppress, arguing that the stop and his prolonged detention were unlawful, he was unlawfully arrested, and his *Miranda* rights were violated.  The case proceeded to a suppression hearing, at which the issues were narrowed to the constitutionality of the checkpoint as applied to a non-motorist, and whether the stop was supported by a reasonable suspicion of criminal activity.  Following the hearing, the court overruled the motion,

finding the checkpoint to be constitutional and concluding that the officer had a reasonable suspicion of criminal activity to stop appellant.

{¶6} Appellant entered a plea of no contest to OVI in violation of R.C. 4511.19(A)(1)(d) and was convicted as charged. The remaining charges were dismissed. He was sentenced to 180 days incarceration with 177 days suspended. He was fined $775.00, with a $300.00 credit upon completion of treatment.

{¶7} Appellant assigns two errors on appeal:

{¶8} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS BECAUSE OVI CHECKPOINTS, PARTICULARLY THE ONE IN QUESTION, ARE NOT CONSTITUTIONAL AS APPLIED TO BICYCLISTS.

{¶9} "II. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS BECAUSE PATROLMAN VESCO DID NOT HAVE REASONABLE, ARTICULABLE SUSPICION TO STOP APPELLANT."

II.

{¶10} We address the second assignment of error first, as it is dispositive of the appeal.

{¶11} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141(1991); *State v. Guysinger*, 86 Ohio App.3d 592, 621 N.E.2d 726(1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law

to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams*, 86 Ohio App.3d 37, 619 N.E.2d 1141 (1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 641 N.E.2d 1172 (1994); *State v. Claytor*, 85 Ohio App.3d 623, 620 N.E.2d 906 (1993); *Guysinger, supra.* As the United States Supreme Court held in *Ornelas v. U.S.*, 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶12} The detention of an individual by a law enforcement officer does not violate the Fourth Amendment to the United States Constitution or Section 14, Article I of the Ohio Constitution if there are, at the very least, "specific and articulable" facts indicating the detention was reasonable. See, *State v. Chatton*, 11 Ohio St.3d 59, 61, 463 N.E.2d 1237 (1984); *Terry v. Ohio*, 392 U.S. 1, 21-22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). To justify an investigatory detention, a law enforcement officer must "demonstrate specific and articulable facts which, when considered with the rational inferences therefrom, would, in light of the totality of the circumstances, justify a reasonable suspicion that the individual who is stopped is involved in illegal activity." *State v. Correa*, 108 Ohio App.3d 362, 366, 670 N.E.2d 1035 (1995); *Terry, supra.*

{¶13} Officer Vesko testified that appellant was riding his bicycle in the middle of the road. After entering the checkpoint and moving past several cones, appellant rode his bicycle through the line and up on to the sidewalk, riding past the officers conducting the checkpoint. Officer Vesko testified that jumping out of line indicates to him that perhaps someone has something to hide. Tr. 45. Although appellant emphasizes that Officer Vesko testified that he would not have stopped appellant solely for riding in the middle of the road, he also testified that he could have charged him for riding his bicycle in the middle of the road and chose not to do so because he did not want to stack additional charges on top of the OVI. Based on appellant's conduct of first riding in the middle of the road, then voluntarily entering the checkpoint but jumping out of the checkpoint line by riding his bicycle over the curb and on to the sidewalk, the officer had a reasonable suspicion of criminal activity to justify the stop of appellant.

{¶14} The second assignment of error is overruled.

I.

{¶15} We need not reach the merits of appellant's first assignment of error as it is rendered moot by our disposition of the second assignment of error. Appellant's first assignment of error is therefore overruled.

{¶16} The judgment of the Alliance Municipal Court is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Farmer, J. concur.